UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X   CIVIL ACTION NO.: 07 civ 9576
FELICIA P. CURIA

                Plaintiffs,

-against-

                                **ANSWER**

REX D. MANDEL and MANDEL EXPRESS,

                Defendant.
-------------------------------------------------------X

      The answering defendants REX D. MANDEL and MANDEL EXPRESS, as and for their Answer to the plaintiff's Complaint alleges upon information and belief as follows:

      1.    The answering defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the Complaint.

      2.    The answering defendants admit the allegations contained in paragraph designated as "2" of the Complaint.

      3.    The answering defendants admit the allegations contained in paragraph designated as "3" of the Complaint.

      4.    The answering defendants neither admit nor deny the allegations contained in paragraph designated "4" of the Complaint and leave the Plaintiff to her proofs.

      5.    The answering defendants neither admit nor deny the allegations contained in paragraph designated "5" of the Complaint and leave the Plaintiff to her proofs.

      6.    The answering defendants neither admit nor deny the allegations contained in paragraph designated "6" of the Complaint and leave the Plaintiff to her proofs.

      7.    The answering defendants neither admit nor deny the allegations contained in paragraph designated "7" of the Complaint and leave the Plaintiff to her proofs.

      8.    The answering defendants deny each and every allegation contained in paragraph designated "8" of the Complaint.

      9.    The answering defendants deny each and every allegation contained in paragraph designated "9" of the Complaint.

10. The answering defendants deny each and every allegation contained in paragraph designated "10" of the Complaint.

11. The answering defendants neither admit nor deny the allegations contained in paragraph designated "11" of the Complaint and leave the Plaintiff to her proofs.

12. The answering defendants neither admit nor deny the allegations contained in paragraph designated "12" of the Complaint and leave the Plaintiff to her proofs.

13. The answering defendants neither admit nor deny the allegations contained in paragraph designated "13" of the Complaint and leave the Plaintiff to her proofs.

14. The answering defendants neither admit nor deny the allegations contained in paragraph designated "14" of the Complaint and leave the Plaintiff to her proofs.

15. The answering defendants neither admit nor deny the allegations contained in paragraph designated "15" of the Complaint and leave the Plaintiff to her proofs.

16. The answering defendants neither admit nor deny the allegations contained in paragraph designated "16" of the Complaint and leave the Plaintiff to her proofs.

17. The answering defendants deny each and every allegation contained in paragraph designated "17" of the Complaint.

18. The answering defendants deny each and every allegation contained in paragraph designated "18" of the Complaint.

19. The answering defendants deny each and every allegation contained in paragraph designated "19" of the Complaint.

20. The answering defendants deny each and every allegation contained in paragraph designated "20" of the Complaint.

21. The answering defendants deny each and every allegation contained in paragraph designated "21" of the Complaint.

22. The answering defendants deny each and every allegation contained in paragraph designated "22" of the Complaint.

23. The answering defendants deny each and every allegation contained in paragraph designated "23" of the Complaint.

24. The answering defendants deny each and every allegation contained in paragraph designated "24" of the Complaint.

25. The answering defendants deny each and every allegation contained in paragraph designated "25" of the Complaint.

26. The answering defendants neither admit nor deny the allegations contained in paragraph designated "26" of the Complaint and leave the Plaintiff to her proofs.

## AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. That the damages and or injuries that the plaintiff alleges to have sustained were caused in whole or in part by the culpable conduct of the plaintiff, without any negligence on the part of the answering defendants, and the answering defendants demand dismissal of or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. That the plaintiff failed to make use of available safety equipment or seatbelts at the time of the alleged accident and the defendants are entitled to diminution of any recovery by the plaintiff in proportion to the injury or damage caused as a result of such failure.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Upon information and belief, any past or future expenses incurred or to be incurred by the plaintiff for medical, dental or custodial care, rehabilitative services, loss of income or other economic loss, has been or will with reasonable certainty be replaced or indemnified, in whole or in part, by a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules. If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds that the plaintiff has or shall receive from such collateral sources.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Pursuant to CPLR 1603, the answering defendant asserts that the limitations contained in CPLR 1601 and 1602 and all rights contained therein apply, and defendant's liability therefore, if any, shall be limited to the equitable share of the total liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. That the damages and or injuries sustained by the plaintiff are not serious as defined in Section 5104 of the Insurance Law of the State of New York. As such, the plaintiff's causes of action are barred and should be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. That the plaintiff assumed certain risks inherent and/or known to her at the time of the accident and recovery should be diminished in the proportion that this conduct bears to the entire loss.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. The Complaint fails to state a cause of action for which relief may be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. The plaintiff failed to mitigate her damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. Negligence, if any, on the part of the answering defendants was not the proximate cause of any injuries which may have been sustained by the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, or at the very least, plaintiff's damages must be reduced by virtue of the doctrine of avoidable consequences.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the equitable doctrines of laches and estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. The answering defendant is entitled to diminution of damages by way of contribution, apportionment and/or indemnity.

## JURY DEMAND

The answering defendant hereby demands a trial by jury of all justiciable issues herein.

**WHEREFORE**, the answering defendants demand judgment dismissing the plaintiff's Complaint together with the costs, attorneys fees and disbursements incurred herein.

Dated:     New York, New York
           October 29, 2007

                               SCHOENFELD MORELAND, P.C.
                               Attorneys for Defendants
                               REX D. MANDEL and MANDEL EXPRESS
                               140 Broadway, 36th floor
                               New York, New York 10005
                               (212) 509-0500

                           By:     /S/
                               ERIC B. SCHOENFELD, ESQ. (ES8532)

TO:  Philip J. Sporn & Associates
     664 Morris Park Avenue
     Bronx, New York 10462
     *Via Electronic Filing*